David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
P.O. Box 323 ‖ 171 Edge of Woods Rd.
Southampton NY 11969-0323
631.287.5520 ‖ DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER PLLC
885 Park Ave. 2A ‖ New York NY 10075
323.790.4881 ‖ MiriamTauberLaw@gmail.com

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH DONOGHUE and MARK RUBENSTEIN,<br><br>Plaintiffs,<br><br>v.<br><br>MYOVANT SCIENCES LTD.,<br><br>Nominal Defendant,<br><br>and<br><br>ROIVANT SCIENCES LTD.,<br><br>Defendant. | No. 20-CV-1807 _____<br><br>**COMPLAINT FOR RECOVERY OF SHORT SWING PROFITS UNDER SECTION 16(b) OF THE SECURITIES EXCHANGE ACT, 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

**THE PLAINTIFFS**, by David Lopez, Esq. and Miriam Tauber, Esq., their attorneys, complaining of the defendants respectfully allege the following upon information and belief, except as to paragraph 2 which plaintiffs allege on personal knowledge:

**JURISDICTION:**

1.  This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b), and jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

**THE PARTIES AND VENUE:**

2. Plaintiffs are security owners of MYOVANT SCIENCES LTD. ("MYOVANT"), a Bermuda corporation with principal offices and domicile at 11-12 St. James's Square Suite 1, 3rd Floor, London SWIY 4LB (United Kingdom).

3. At all times relevant the common stock of MYOVANT was registered under Section 12 of the Act and was and is traded on the New York Stock Exchange located within this District.

4. MYOVANT is a non-resident alien making venue as against it proper in any district of the United States.

5. This action is brought in the right and for the benefit of MYOVANT which is named as a Nominal Defendant solely in order to have all necessary parties before the Court.

6. ROIVANT SCIENCES LTD. ("ROIVANT") is a Bermuda corporation with principal offices and domicile at Clarendon House, 2 Church Street, Hamilton HM11 (Bermuda). Additionally, ROIVANT maintains offices and conducts business within this District through a U.S subsidiary, Roivant Sciences, Inc.

7. At all times relevant ROIVANT was a more-than-10% beneficial owner of MYOVANT and thereby a statutory "insider" within the meaning of Section 16(b) of the ACT.

8. ROIVANT is a non-resident alien making venue as against it proper in any district of the United States.

9. The purchase by ROIVANT of 3,500,000 MYOVANT shares to be described hereafter was from a person organized and domiciled in the Commonwealth of Massachusetts. The contract of purchase and sale contains a choice of law clause designating the law of the State of New York to govern.

10. An additional 499,193 MYOVANT shares, more or less, were purchased by ROIVANT in open market transactions on the New York Stock Exchange, located within the District, or dark pools or other market facilities located within the District, between December 2, and December 17, 2019.

**STATUTORY REQUISITES:**

11. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the ACT.

12. Demands for prosecution were made on MYOVANT by each of the Plaintiffs on January 1, 2020. By letter dated February 28, 2020, Matthew Lang, General Counsel and Corporate Secretary of MYOVANT, informed Plaintiffs' counsel that "… the MYOVANT Board of Directors has decided not to pursue remedies against ROIVANT." Further delay by the Plaintiffs in the initiation of suit would be a futile gesture.

13. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by Section 16(a), 15 U.S.C. § 78p(a), setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

**FIRST CLAIM FOR RELIEF:**

14. On or about November 25, 2019, ROIVANT purchased 3,500,000 shares of the common stock of MYOVANT at a price of $15.00 per share, more or less, from Millenium Pharmaceuticals, Inc., 40 Lansdowne Street, Cambridge, Massachusetts 02139.

15. Between December 2, and December 17, 2019, ROIVANT purchased 499,193 additional shares, more or less, through the facilities of the New York Stock Exchange, a National

Securities Exchange located within the District, or through dark pools or other facilities located within the District, at prices ranging from $14.97 to $18.85, all more or less.

16. On or about October 31, 2019, ROIVANT executed a contract of purchase and sale with Sumitomo by which it would sell a greater number of shares of MOYVANT than were purchased by ROIVANT within a period of less than six months, which contract closed on December 31, 2019. The date of sale will require discovery of the facts and circumstances of the transaction, the two choices being either the date of execution or the date of closing of the contract of sale. Discovery will also be required to establish the price paid for the shares on their sale to Sumitomo, other assets possibly having been included in the consideration exchanged.

17. Short-swing profits were realized by ROIVANT as a result of these purchases and sales within periods of less than six months described in Paragraphs 14 through 16, *supra*. Their precise amount is unknown to Plaintiffs pending discovery; but they are estimated at $116,832,083, more or less.

**SECOND CLAIM FOR RELIEF:**

18. This Second Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

19. ROIVANT, at times not barred by the statute of limitations measured from the date of the filing of this Complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of MYOVANT within periods of less than six months, while a beneficial owner of more than 10% of a class of equity securities of MYOVANT, including but not limited to the transactions pleaded in the First Claim For Relief.

20. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months, while insiders of MYOVANT, ROIVANT realized profits, the exact amounts thereof being unknown to Plaintiffs, which profits inure to the benefit, and are recoverable by Plaintiffs on behalf, of MYOVANT.

**WHEREFORE**, Plaintiffs demand judgment:

a) Requiring ROIVANT to account for and to pay over to MYOVANT the short-swing profits realized and retained by it in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiffs their costs and disbursements including fair and reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: February 29, 2020
       Southampton, NY

*s/ Miriam Tauber*                                *s/ David Lopez*
_____              _____
Miriam Tauber, Esq. (MT-1979)        David Lopez, Esq. (DL-6779)

*Attorneys for Plaintiffs*
*Deborah Donoghue* and *Mark Rubenstein*