# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MYOVANT SCIENCES LTD. SECTION 16(b) LITIGATION | Lead Case No. 20-cv-1807 (JGK) (Consolidated with No. 20-cv-2542 (JGK)) |
| This Document Relates To: ALL ACTIONS. | |

## [PROPOSED] ORDER AND FINAL JUDGMENT

Plaintiffs Deborah Donoghue, Mark Rubenstein, and Donna Ann Gabriele Chechele ("Plaintiffs"), shareholders of Nominal Defendant Myovant Sciences Ltd. ("Myovant"), brought the cases consolidated in this action (the "Action") under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act") on Myovant's behalf to recover so-called "short-swing profits" alleged to have been realized by Defendant Roivant Sciences Ltd. ("Roivant"), in connection with its alleged purchases and sales of Myovant's securities (as defined in 17 C.F.R. § 240.3a11-1 under the Act) or derivative securities (as defined in 17 C.F.R. § 240.l6a-1(c) under the Act) within the time beginning June 1, 2019 and ending December 31, 2019 (the "16(b) Trading Period").

The Court has considered (1) whether the terms and conditions of the Stipulation of Settlement dated September 7, 2021 (the "Stipulation"), including the release of Roivant, are fair, reasonable, and adequate for the settlement of all claims asserted by Plaintiffs in this Action and should be approved; (2) whether judgment should be entered dismissing Plaintiffs' Third Amended Complaint with prejudice; and (3) whether and what to award counsel for Plaintiffs as a reasonable attorneys' fee and reimbursement of costs and expenses. Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the Stipulation.

The Court has considered all matters submitted to it on this motion, including the Stipulation, and all prior papers and proceedings in this Action.

**NOW, THEREFORE, IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1.    The Court has jurisdiction over the subject matter of this Action, over the Plaintiffs, over Myovant, and over Roivant.

2.    The Court finds that Plaintiffs, through their counsel, have diligently and vigorously prosecuted the claims set forth in the Third Amended Complaint on behalf of Myovant and thus that the dismissal, discharge, and release below shall be given preclusive effect as to any other claims by Myovant shareholders.

3.    The Stipulation (a copy of which is annexed hereto as Exhibit 1) is hereby approved as fair, reasonable, and adequate, and in the best interests of Myovant and of its shareholders. The parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

4.    This Order and Final Judgment shall not constitute evidence of, or an admission by, Plaintiffs, Roivant, or Myovant respecting the validity or invalidity of any of the claims or defenses asserted by Plaintiffs or Roivant as to liability or lack thereof with respect to any such claim or defense or for any recovery sought in the above-referenced matter, or of any wrongdoing or lack of wrongdoing by Roivant whatsoever.

5.    The Third Amended Complaint is hereby dismissed on the merits, with prejudice, and with payment of attorneys' fees (inclusive of costs) as provided herein.

6.    Roivant is hereby discharged and released from the Released Claims, as that term is defined in the Stipulation.

7. The Myovant Releasing Parties and the Plaintiff Releasing Parties (as defined in the Stipulation), and any and all owners of any Myovant security (as defined in 17 C.F.R. § 240.3a11-1 under the Act) or derivative security (as defined in 17 C.F.R. § 240.16a-1(c) under the Act), are permanently barred and enjoined from instituting any other action, in this or any other court or tribunal of this or any other jurisdiction, raising claims which could have been asserted in this Action against Roivant for Trading in Myovant securities during the 16(b) Trading Period (as defined in the Stipulation), regardless of the theory of liability.

8. Plaintiffs' counsel are hereby awarded an attorneys' fee (inclusive of reimbursement of costs and disbursements) in the sum of $640,000.00, which sum the Court finds to be fair, reasonable, and adequate, and which shall be paid to Plaintiffs' counsel by Myovant following Myovant's receipt of the Settlement Payment from Roivant and after this Order has become Final, as set forth in Sections 1 and 9 of the Stipulation.

9. Jurisdiction is hereby reserved over all matters relating to the enforcement, administration, and performance of the Stipulation.

10. The Clerk of the Court is directed to enter and docket this Order and Final Judgment in this Action.

Dated: _9/30_ , 2021
New York, New York

S O  O R D E R E D :

_____
The Honorable John G. Koeltl
United States District Judge

_The Clerk is directed to close this case and to close all pending motions._ _So ordered._
_John G. Koeltl/ U.S.D.J._
_9/30/21_

-3-

*Exhibit 1*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

IN RE MYOVANT SCIENCES LTD.
SECTION 16(b) LITIGATION

Lead Case No. 20-cv-1807 (JGK)

(Consolidated with No. 20-cv-2542 (JGK))

---

This Document Relates To:

ALL ACTIONS.

---

## STIPULATION OF SETTLEMENT
## DATED SEPTEMBER 7, 2021

By and through their respective attorneys, the parties to this consolidated action (the "Action"), Plaintiffs Deborah Donoghue ("Donoghue"), Mark Rubenstein ("Rubenstein"), and Donna Ann Gabriele Chechele ("Chechele" and, collectively with Donoghue and Rubenstein, the "Plaintiffs"), Nominal Defendant Myovant Sciences Ltd. ("Myovant"), and Defendant Roivant Sciences Ltd. ("Roivant" and, collectively with the Plaintiffs and Myovant, the "Parties"), have entered into the following Stipulation of Settlement (this "Stipulation"), subject to the approval of the Court.

## RECITALS

WHEREAS Plaintiffs own shares of Myovant and brought this Action under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), on behalf of Myovant, to recover damages in the form of so-called "short-swing profits" from Roivant allegedly arising from its transactions in Myovant's common shares;

WHEREAS Plaintiffs Donoghue and Rubenstein filed the action in *Donoghue v. Myovant Sciences Ltd.*, No. 20-cv-1807 (JGK) (the "Donoghue Action"), on February 29, 2020;

WHEREAS Plaintiff Chechele filed the action in *Chechele v. Roivant Sciences Ltd.*, No. 20-cv-2542 (JGK) (the "Chechele Action"), on March 24, 2020;

Case 1:20-cv-01807-JGK   Document 68   Filed 09/30/21   Page 2 of 15

WHEREAS the Court, by order of April 24, 2020 [Dkt. 25], consolidated the Donoghue Action and the Chechele Action in this Action, and Plaintiffs filed their Joint Amended Complaint on May 5, 2020 [Dkt. 27];

WHEREAS Roivant filed a motion to dismiss the Joint Amended Complaint on June 19, 2020 [Dkt. 33], and Plaintiffs filed their Second Amended Complaint on July 10, 2020 [Dkt. 36];

WHEREAS Roivant filed a motion to dismiss the Second Amended Complaint on August 10, 2020 [Dkt. 37], which was fully briefed as of October 14, 2020 [Dkts. 38-41];

WHEREAS the Court granted Roivant's motion to dismiss with leave to amend by opinion and order of January 16, 2021 [Dkt. 42], and Plaintiffs filed their Third Amended Complaint on February 10, 2021 [Dkt. 43];

WHEREAS Roivant filed a motion to dismiss the Third Amended Complaint on March 12, 2021 [Dkt. 46], which was fully briefed as of April 12, 2021 [Dkts. 47-50] and which remains pending as of the date hereof;

WHEREAS Plaintiffs' pleadings in the Donoghue Action, the Chechele Action, and this Action have alleged that Roivant is liable to Myovant for short-swing profits realized from Roivant's purchase and sale of Myovant's common shares in November and December 2019;

WHEREAS Plaintiffs have provided Roivant with estimates of its alleged liability under various assumptions based on Plaintiffs' independent investigation and research;

WHEREAS Roivant denies any liability or wrongdoing whatsoever, has vigorously contested Plaintiffs' claims, and contends that the claims are implausible and without merit because the trades in question did not result in any profit for Roivant and because Plaintiffs lack standing to prosecute the Action;

Case 1:20-cv-01807-JGK Document 57 Filed 09/08/21 Page 3 of 15

WHEREAS the Parties have concluded, after consulting with their respective counsel and in light of the risks and uncertainties of the outcome of this Action and any subsequent appeal (and the costs of prosecuting and defending the same), that it is in their best interests to settle the Action on the terms set forth herein and to fully and finally compromise all claims asserted in the Action against Roivant under Section 16(b) of the Act (the "Settlement");

WHEREAS this Settlement was reached by the Parties after multiple rounds of arm's length, adversarial negotiation, with Roivant and Plaintiffs bargaining for the first time in advance of the filing of the Second Amended Complaint, then again during the pendency of Roivant's motion to dismiss the Second Amended Complaint, and once again during the pendency of Roivant's motion to dismiss the Third Amended Complaint;

WHEREAS these negotiations culminated in an agreement for Roivant to pay Myovant $1,920,000.00 in cash in settlement of this Action as further described herein;

WHEREAS, in evaluating the proposed Settlement, Plaintiffs and Myovant have considered the substantial benefit being provided to Myovant and its shareholders, the risks and uncertainties of the outcome of this Action and any subsequent appeal, the delay until there would be a final adjudication and additional legal fees and expenses which could reduce the ultimate recovery, whether on a litigated judgment if Plaintiffs were to prevail, or by settlement; and

WHEREAS the Parties and all counsel agree that a settlement of this Action on the terms described herein is fair, reasonable, adequate, and in the best interests of the Parties and the shareholders of Myovant;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, for good and valuable consideration, the sufficiency of which is hereby acknowledged, as follows:

Case 1:20-cv-01807-JGK   Document 57   Filed 09/08/21   Page 4 of 15

### SETTLEMENT PAYMENT

1.      In consideration of the releases described in Sections 4-6 below and the entry of an Order and Final Judgment (as defined below), (a) on or before the tenth business day after the Order and Final Judgment (as defined below) approving the Settlement becomes Final (as defined below), Roivant shall pay or cause to be paid to Myovant the sum of $1,920,000.00 in cash  (the "Settlement Payment"); and (b) within three business days after its receipt of the Settlement Payment, Myovant shall pay or cause to be paid to counsel for Plaintiffs the Legal Fees Payment, which is defined to be the sum of $640,000.00 in cash, subject to Section 9 below. The Settlement Payment shall be made by wire transfer of immediately available funds to the account designated in writing by Myovant.  The Legal Fees Payment shall be made by wire transfer of immediately available funds to the account designated in writing by Plaintiffs.

### SUBMISSION AND APPLICATION TO THE COURT

2.      In consideration of the Settlement Payment and the Legal Fees Payment, Plaintiffs shall move the Court for a determination, supported by Roivant and Myovant, whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of Myovant and its shareholders and thus given preclusive effect, and for entry of an Order and Final Judgment (the "Order and Final Judgment") substantially in the form annexed hereto as Exhibit A, which will:

(a)     Dismiss the Action with prejudice;

(b)     Find that Plaintiffs diligently and vigorously prosecuted their claims in the Action on behalf of Myovant and thus be given preclusive effect;

(c)     Find that the terms of the Settlement are fair, reasonable, adequate, and in the best interests of Myovant and its shareholders; and

(d)     Effectuate the releases defined in Sections 4-6 below.

3.     The Order and Final Judgment shall become final ("Final") following entry either by expiration of the time for appeal or review of such Order and Final Judgment or, if any appeal is filed and not dismissed, after the Order and Final Judgment is affirmed on appeal and is no longer subject to review upon appeal or by writ of certiorari or motion for reconsideration.

### RELEASE OF CLAIMS

4.     In further consideration of the Settlement Payment and the Legal Fees Payment, the Myovant Releasing Parties and the Plaintiff Releasing Parties (in each case as defined below, and collectively the "Releasing Parties") each release and discharge the Roivant Released Parties (as defined below) from any and all liability, including without limitation any costs and disbursements, based on any claims under Section 16(b) of the Act and the rules and regulations promulgated under Section 16 of the Act arising from Roivant's Trading (as defined below) during the 16(b) Trading Period (as defined below), which were asserted or could have been asserted by Plaintiffs in this Action, or by any owners of any Myovant security (as defined in 17 C.F.R. § 240.3a11-1 under the Act) or derivative security (as defined in 17 C.F.R. § 240.16a-1(c) under the Act), whether brought individually, directly, representatively, derivatively, or in any other capacity, and whether or not any such releasing parties were named, served with process, or appeared in this Action (the "Released Claims").

(a)     "Plaintiff Releasing Parties" shall mean Plaintiffs, their family, associates, personal or legal representatives, employees, attorneys, financial or investment advisors, other advisors, consultants, accountants, trustees, heirs, executors, successors, assigns, partnerships, limited liability companies, estates, administrators, and assigns.

(b)     "Myovant Releasing Parties" shall mean Myovant and its parents, affiliates, successors and assigns (including their respective parents, affiliates, and subsidiaries),

whether or not any such releasing parties were named, served with process, or appeared in this Action.

(c)     "Roivant Released Parties" shall mean Roivant and its present and former officers, directors, attorneys, parents, affiliates, successors and assigns (including their respective families, parents, affiliates, and subsidiaries), whether or not any such releasing parties were named, served with process, or appeared in this Action.

(d)     "Trading" means any transaction or transactions in Myovant's securities (as defined in 17 C.F.R. § 240.3a11-1 under the Act) or derivative securities thereof (as defined in 17 C.F.R. § 240.16a-1(c) under the Act), including without limitation any purchase, sale, pledge, gift, or other acquisition or disposition, but excluding any transfers of Myovant stock between Roivant and one of its wholly owned subsidiaries (as disclosed in the October 31, 2019 Transaction Agreement between, inter alia, Roivant and Sumitomo Dainippon Pharma Co., Ltd.).

(e)     "16(b) Trading Period" means the period between June 1, 2019, and December 31, 2019, inclusive of each such date.

(f)     Roivant represents and warrants that all of its Trading during the 16(b) Trading Period (including the allegedly matching Trading giving rise to the alleged liability under the Act) was reported by Roivant on Form 4s filed with the U.S. Securities and Exchange Commission (SEC) prior to the date of this Stipulation. Roivant acknowledges that the Released Claims are provided under this Stipulation in reliance on this representation.

5.     The Plaintiff Releasing Parties covenant not to bring any additional claims arising out of or relating to the assertions contained in any of the complaints in this Action (including the Donoghue Action and the Chechele Action) or that could have been asserted in this Action against Roivant for Trading in Myovant securities (as defined in 17 C.F.R. § 240.3a11-1 under

the Act) or derivative securities thereof (as defined in 17 C.F.R. § 240.16a-1(c) under the Act) during the 16(b) Trading Period, including, without limitation, options to acquire Myovant securities or any other derivative securities or instruments tied to the value of any Myovant equity security, regardless of the theory of liability.

6.      The Released Claims contemplated by this Stipulation shall extend to any Released Claims that the Releasing Parties do not know or suspect to exist at the time of the release, which, if known, might have affected the Releasing Parties' decision to enter into the release.  The Releasing Parties shall be deemed to relinquish, to the extent applicable to the Released Claims, and to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542 to the extent applicable to the Released Claims.  The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the Released Claims, but that it is their intention to fully, finally, and forever settle and release the Released Claims, whether known or unknown, suspected or unsuspected, which now exist or heretofore existed, and without regard to the subsequent discovery or existence of such additional or different facts.

## CONDITIONS OF SETTLEMENT

7.     This Stipulation and all negotiations and papers related to it, and any proceedings in connection with the Settlement, whether or not the Settlement becomes final or is consummated, are not and shall not be construed as evidence of, or an admission by, any of the Parties respecting the validity or invalidity of any of the claims or defenses asserted by Plaintiffs or Roivant as to liability or lack thereof with respect to any such claim or defense or for any recovery sought in this Action, or of any wrongdoing or lack of wrongdoing by Roivant whatsoever, and shall not be offered for admission or received as evidence in any action against Roivant of any such liability or wrongdoing or lack thereof.

8.     Any dispute regarding attorneys' fees and expenses, or any decision by the Court to approve an award of attorneys' fees and expenses in an amount less than the amount sought by Plaintiffs shall not void or reduce Roivant's obligation to pay the full amount of the Settlement Payment to Myovant.

## ATTORNEYS' FEES AND EXPENSES

9.     Plaintiffs will apply to the Court for an award of attorneys' fees and expenses in the amount of the Legal Fees Payment. Such attorneys' fees and expenses as may be awarded by the Court, not to exceed the sum of the Legal Fees Payment, are to be paid by Myovant to counsel for Plaintiffs following Myovant's receipt of the Settlement Payment from Roivant after the Order and Final Judgment becomes Final in accordance with Section 1 and Section 3. Roivant's obligation to pay the Settlement Payment to Myovant is not contingent upon attorneys' fees and expenses being awarded in any amount.

10.     Plaintiffs agree and acknowledge that the award of attorneys' fees and expenses as described in Section 9 is the sole amount to which Plaintiffs and counsel for Plaintiffs are due

in connection with this Action or this Stipulation and expressly release and disclaim any right to any additional amount.

11.     Myovant and Roivant acknowledge and agree that, as a result of Plaintiffs' pursuit of this Action and their pursuit and negotiation of this Stipulation, this Action has been diligently and vigorously prosecuted against Roivant within the meaning of Section 16(b) of the Act. Accordingly, Myovant consents to Plaintiffs' application for an award of attorneys' fees in the amount of the Legal Fees Payment.

12.     Any order or proceeding relating to the award of attorneys' fees and expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Order and Final Judgment.

### MISTAKE

13.     In entering into this Stipulation, the Parties assume the risk of any mistake of fact or law.  If the Parties, or any of them, should later discover that any fact they relied upon in entering into this Settlement is not true, or that their understanding of the facts or law was incorrect, the Parties shall not be entitled to seek rescission of this Settlement, or otherwise attack the validity of the Settlement, based on any such mistake.  This Settlement is intended to be final and binding upon the Parties regardless of any mistake of fact or law.

### ENTIRE AGREEMENT

14.     This Stipulation contains the entire agreement among the Parties concerning the subject matter hereof and no Party is relying on any representation, promise, or assertion not contained herein.

## COUNTERPARTS

15.    This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and all of which, when taken together, shall be deemed to constitute one and the same instrument, provided that no Party shall be bound hereby unless and until all Parties shall have executed and delivered this Stipulation.

## AUTHORITY

16.    Each individual signing this Stipulation represents that he or she has the authority of his or her client to execute the same, to release the Released Claims herein identified, to compromise and settle all his or her client's claims and defenses, and to bind his or her client.

## AMENDMENT

17.    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties hereto that refers specifically to this Stipulation.

## JURISDICTION

18.    The Parties submit to the continuing jurisdiction of this Court for all purposes relating to this Action and any disputes over this Stipulation and its enforcement.

## CONSTRUCTION

19.    This Stipulation shall be construed in all respects as jointly drafted and shall not be construed, in any way, against any Party on the ground that the Party or its counsel drafted this Stipulation.

## BINDING EFFECT

20.    This Stipulation, and all rights and powers granted hereby, will bind and inure to the benefit of the Parties hereto and their respective agents, executors, heirs, successors, assigns, employees, and employers.

## NON-ASSIGNMENT OF CLAIMS

21.    Plaintiffs represent and warrant that none of the claims or causes of action referred to in any complaint or amended complaint in this Action have been assigned, encumbered, or in any manner transferred in whole or part.

## SEVERABILITY

22.    If any provision of this Stipulation is held to be illegal, invalid, or unenforceable, then (i) such provision will be fully severable; (ii) this Stipulation will be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised part of this Stipulation; and (iii) the remaining provisions of this Stipulation will remain in full force and effect and will not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Stipulation.

*[signature page follows]*

IN WITNESS WHEREOF, the Parties have executed this Stipulation effective as of the first date set forth above.

David Lopez, Esq. (DL-6779)
LAW OFFICE OF DAVID LOPEZ
171 Edge of Woods Road
P.O. Box 323
Southampton, New York  11968
Phone:  (631) 287-5520
Fax:     (631) 283-4735
Email:  davidlopezesq@aol.com

Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER PLLC
885 Park Ave. 2A
New York, NY 10075
Phone:  (323) 790-4881
Email:  miriamtauberlaw@gmail.com

James A. Hunter, Esq. (JH-1910)
42 Stagecoach Rd.
Pipersville, PA  18947
Phone:  (484) 437-5935
Fax:     (646) 462-3356
Email:  hunter@hunterkmiec.com

*Counsel for Plaintiff Deborah Donoghue,
Plaintiff Mark Rubenstein, and Plaintiff
Donna Ann Gabriele Chechele*

Robert A. Van Kirk (*pro hac vice*)
George A. Borden (GB-7019)
John Sievert Williams (JW-6927)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005

650 Fifth Ave., Suite 1500
New York, New York  10019
Phone:  (202) 434-5000
Fax:     (202) 434-5029
Email:  jwilliams@wc.com

*Counsel for Defendant Roivant
Sciences Ltd.*

Nicholas Flath
COOLEY LLP
55 Hudson Yards
New York, New York  10001
Phone:  (212) 479-6000
Fax:     (212) 479-6275
Email:  nflath@cooley.com

John H. Hemann (*pro hac vice*)
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Phone:  (415) 693-2000
Fax:     (415) 693-2222
Email:  jhemann@cooley.com

*Counsel for Nominal Defendant Myovant
Sciences Ltd.*

-12-